IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LUCRETIA GALLOW,

    Plaintiff,                        CV F 07 0173 LJO WMW PC

    vs.                                ORDER DISMISSING COMPLAINT
                                        WITH LEAVE TO
                                        FILE AN AMENDED COMPLAINT

                                        (THIRTY DAY DEADLINE)

SERGEANT SMITH, et al.,

    Defendants.

      Plaintiff is a state prisoner proceeding prose in a civil rights action pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

      This action proceeds on the complaint.  Plaintiff, an inmate in the custody of the California Department of Corrections and Rehabilitation at the Valley State Prison for Women, brings this civil rights action against defendant correctional officials employed by the CDCR at VSPW.

      Plaintiff's claims in this complaint relate to the conditions of her confinement. Specifically, Plaintiff alleges that she was subjected to excessive force by Sergeant Smith on January 19, 2007.  The court finds that Plaintiff states a claim for relief on her claim of excessive force against Sergeant Smith.

As to Defendants Waybright and Miller, Plaintiff alleges that they subjected her to verbal threats and harassment. Allegations of threats and harassment do not state a claim cognizable under 42 U.S.C § 1983. See Keenan v. Hall, 83 F.3d 1083, 1092 (9th Cir. 1996)(assaultive comments by prison guard not enough to implicate Eighth Amendment); Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987)(mere threat does not constitute constitutional wrong). Plaintiff's allegations do not rise to the level of a constitutional violation. See 42 U.S.C. § 1997(e)(prisoners cannot bring civil suits in federal court for mental or emotional injuries suffered while incarcerated unless they first show that they suffered physical injury).

The court will grant Plaintiff leave to file an amended complaint. Should Plaintiff fail to do so, this action will proceed against Sergeant Smith on Plaintiff's claim of excessive force, and the court will recommend dismissal of defendants Waybright and Miller.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

1  In accordance with the above, IT IS HEREBY ORDERED that:

2  1. Plaintiff is granted thirty days from the date of service of this order to file a
3  first amended complaint that complies with the requirements of the Civil Rights Act, the Federal
4  Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the
5  docket number assigned this case and must be labeled "First Amended Complaint."

9  IT IS SO ORDERED.

10  **Dated:   July 14, 2008**              /s/  **William M. Wunderlich**
                                    UNITED STATES MAGISTRATE JUDGE