IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUCRETIA GALLOW, | 1:07-cv-00173 LJO-WMW (PC) |
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATION TO DISMISS CASE FOR PLAINTIFF'S FAILURE TO PROSECUTE |
| SERGEANT SMITH, et al, | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. section 1983.

On July 15, 2008, the court issued a Order dismissing complaint with leave to file an Amended Complaint and served the order on plaintiff. On July 24, 2008, the order served on plaintiff was returned by the U.S. Postal Service as undeliverable.

Pursuant to Local Rule 83-183(b), a party appearing in propria persona is required to keep the court apprised of his or her current address at all times. Local Rule 83-183(b) provides, in pertinent part:

-1-

1 /////

> If mail directed to a plaintiff in propria persona by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty (60) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute.

In the instant case, sixty days have passed since plaintiff's mail was returned and he has not notified the court of a current address.

In determining whether to dismiss an action for lack of prosecution, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986); Carey v. King, 856 F.2d 1439 (9th Cir. 1988). The court finds that the public's interest in expeditiously resolving this litigation and the court's interest in managing the docket weigh in favor of dismissal, as this case has been pending [amount of time]. The court cannot hold this case in abeyance indefinitely based on plaintiff's failure to notify the court of his address. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor -- public policy favoring disposition of cases on their merits -- is greatly outweighed by the factors in favor of

1 dismissal discussed herein.  Finally, given the court's inability
2 to communicate with plaintiff based on plaintiff's failure to
3 keep the court apprised of his current address, no lesser
4 sanction is feasible.

## RECOMMENDATION

6      Accordingly, the court HEREBY RECOMMENDS that this
7 action be dismissed for plaintiff's failure to prosecute.

8      These findings and recommendations are submitted to the
9 United States District Judge assigned to the case, pursuant to
10 the provisions of Title 28 U.S.C. § 636(b)(l).  Within thirty
11 days after being served with these findings and recommendations,
12 any party may file written objections with the court and serve a
13 copy on all parties.  Such a document should be captioned
14 "Objections to Magistrate Judge's Findings and Recommendations."
15 Any reply to the objections shall be served and filed within ten
16 days after service of the objections.  The parties are advised
17 that failure to file objections within the specified time may
18 waive the right to appeal the District Court's order. <u>Martinez</u>
19 <u>v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

20

21 IT IS SO ORDERED.

22 **Dated:   October 7, 2008**               **/s/  William M. Wunderlich**
                                                          UNITED STATES MAGISTRATE JUDGE

23
24
25
26
27
28